## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF OHIO
## EASTERN DIVISION

| | | |
|---|---|---|
| PAMELA HOLLEY<br>6140 Polo Drive West, Apartment B<br>Columbus, Ohio 43229, | ) ) ) ) | CASE NO.<br><br>JUDGE: |
| Plaintiff, | ) ) ) | |
| v. | ) ) | **COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF** |
| BBS/MENDOZA, LLC D/B/A MCDONALD'S<br>950 Taylor Station Road, Suite T<br>Columbus, Ohio 43230, | ) ) ) ) | **JURY DEMAND ENDORSED HEREIN** |
| **Serve Also:**<br>BBS/MENDOZA, LLC D/B/A<br>MCDONALD'S<br>c/o W. Evan Price II, Esq.<br>P.O. Box 20244<br>Columbus, Ohio 43230, | ) ) ) ) ) ) ) ) | |
| Defendant. | ) ) | |

Plaintiff, Pamela Holley, by and through undersigned counsel, as her Complaint against Defendant BBS/Mendoza, LLC d/b/a McDonald's ("McDonald's"), states and avers the following:

### PARTIES, JURISDICTION, AND VENUE

1. This court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331 in that Holley is alleging a Federal Law Claim under Title VII of the Civil Rights Act of 1964 ("Title VII"), 28 U.S.C. § 2000e, the Americans with Disabilities Act ("ADA") 42 U.S.C. § 12101 *et seq.*, and the Family & Medical Leave Act ("FMLA"), 29 U.S.C § 2601, *et seq.*

2. All material events alleged in this Complaint occurred in Franklin County, Ohio.

3. This Court has supplemental jurisdiction over Holley's state law claims pursuant to 28 U.S.C. § 1367 as Holley's state law claims are so closely related to her federal law claims that they form part of the same case or controversy under Article III of the United States Constitution.

4. Venue is proper in this Court pursuant to 28 U.S.C. § 1391.

5. Within 300 days of the conduct alleged below, Holley filed a Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC"), Charge No. 532-2022-01536 against McDonald's ("Holley EEOC Charge").

6. On or about October 24, 2022, the EEOC issued a Notice of Right to Sue letter to Holley regarding the Charges of Discrimination brought by Holley against McDonald's in the Holley EEOC Charge.

7. Holley received her Right to Sue letter from the EEOC in accordance with 42 U.S.C. § 2000e-5(f)(1), which has been attached hereto as Plaintiff's Exhibit A.

8. Holley has filed this Complaint within 90 days of the issuance of the Notice of Right to Sue letter.

9. Holley has properly exhausted her administrative remedies pursuant to 29 C.F.R. § 1614.407(b).

**FACTS**

10. Holley is a former employee of McDonald's.

11. McDonald's was, at all times hereinafter mentioned, engaged in commerce or in an industry or activity affecting commerce and employed 50 or more employees for each working day during each of 20 or more calendar work weeks in the current or preceding calendar year and therefore is an employer as defined in 29 U.S.C § 2611(4).

12. At all times relevant herein, Holley was employed by McDonald's for at least 12 months and had at least 1,250 hours of service with McDonald's and therefore was an "eligible employee" under FMLA, as that term is defined in 29 U.S.C. § 2611(2)(A).

13. Holley began working for McDonald's in or around June 2017.

14. Holley worked for McDonald's as a Crew Member.

15. Holley is African American.

16. Brett (Last Name Unknown) became Holley's General Manager in or around March 2021.

17. Brett is Caucasian.

18. Upon his hiring, Brett immediately began treating African American employees differently than non-African American employees.

19. Brett regularly referred to African American employees as "you people".

20. Brett did not refer to non-African American employees as "you people".

21. Brett treated African American employee unfavorably compared to non-African American employees.

22. Brett disciplined African American employees for calling off work or leaving early.

23. Brett regularly permitted non-African American employees to call off or leave early without discipline.

24. In or around late July 2021, Holley witnessed a coworker call a male African American employee "boy."

25. Calling African American men "boy" is a comment racist comment ("Racist Comment").

26. In or around late July 2021, Holley reported the racial discrimination to Brett ("Report of Race Discrimination").

27. In response to Holley's Report of Race Discrimination, Brett took no action to correct the race discrimination.

28. Instead, Brett continued to treat African American employees unfavorably.

29. Holley suffers from hypertension.

30. Hypertension, also known as high blood pressure, can cause severe headaches, nosebleeds, fatigue or confusion, chest pain, vision problems, and difficulty breathing, among other symptoms.

31. Due to her hypertension, Holley had dizziness, light headedness, and vision problems.

32. As a result of suffering from hypertension, Holley is and was considered disabled within the meaning of the ADA 42 U.S.C. 126 § 12101 *et seq.*

33. As a result of suffering from hypertension, Holley is and was considered disabled within the meaning of R.C. § 4112.01(A)(13).

34. In the alternative, McDonald's perceived Holley as being disabled.

35. In the alternative, McDonald's perceived that Holley's hypertension constituted a physical impairment.

36. In the alternative, McDonald's perceived Holley's hypertension substantially impaired one or more of her major life activities, including working, seeing, and moving.

37. Despite this actual or perceived disabling condition, Holley was still able to perform the essential functions of her job.

38. On or about August 27, 2021, Holley started to feel dizzy and light-headed and see spots while at work.

39. Holley immediately told a manager, Yakaday (Last Name Unknown) about her symptoms and requested to leave work early to go to the emergency room.

40. Holley also told Brett that she needed to go to the emergency room due to her hypertension.

41. McDonald's was aware that Holley was eligible for FMLA benefits.

42. McDonald's was aware that Holley's request for leave was eligible for FMLA leave.

43. McDonald's failed to advise Holley of her rights under the FMLA.

44. At the emergency room, Holley's doctor said that her symptoms were caused by hypertension and increased the dosage of her prescription to treat her condition.

45. On or about August 27, 2021, McDonald's terminated Holley's employment ("Termination").

46. McDonald's reason for the Termination was that Holley left work early on or about August 27, 2021.

47. McDonald's reason for the Termination is pretext for disability discrimination.

48. McDonald's terminated Holley because of her hypertension.

49. McDonald's reason for the Termination is pretext for race discrimination.

50. McDonald's terminated Holley based on her race.

51. McDonald's terminated Holley in retaliation for reporting race discrimination.

52. McDonald's has a progressive disciplinary policy ("Discipline Policy").

53. A verbal warning is the lowest level of discipline in the Discipline Policy.

54. Holley did not receive a verbal warning before the Termination.

55. A written warning is a higher level of discipline than a verbal warning in the Discipline Policy.

56. Holley did not receive a written warning before the Termination.

57. A termination is the highest level of discipline in the Discipline Policy.

58. McDonald's knowingly skipped progressive disciplinary steps in terminating Holley.

59. McDonald's knowingly terminated Holley's employment.

60. McDonald's knowingly took an adverse employment action against Holley.

61. McDonald's knowingly took an adverse action against Holley.

62. McDonald's intentionally skipped progressive disciplinary steps in terminating Holley.

63. McDonald's intentionally terminated Holley's employment.

64. McDonald's intentionally took an adverse employment action against Holley.

65. McDonald's intentionally took an adverse action against Holley.

66. McDonald's knew that skipping progressive disciplinary steps in terminating Holley would cause Holley harm, including economic harm.

67. McDonald's knew that terminating Holley would cause Holley harm, including economic harm.

68. McDonald's willfully skipped progressive disciplinary steps in terminating Holley.

69. McDonald's willfully terminated Holley's employment.

70. McDonald's willfully took an adverse employment action against Holley.

71. McDonald's willfully took an adverse action against Holley.

72. McDonald's terminated Holley on or about August 27, 2021.

73. As a direct and proximate result of McDonald's conduct, Holley suffered and will continue to suffer damages, including economic, emotional distress, and physical sickness damages.

## **COUNT I: RACE DISCRIMINATION IN VIOLATION OF TITLE VII**

74. Holley restates each and every prior paragraph of this Complaint, as if it were fully restated herein.

75. Throughout her employment, Holley was fully competent to perform her essential job duties.

76. McDonald's treated Holley differently than other similarly-situated employees based on her race.

77. McDonald's violated Title VII by discriminating against Holley due to her race.

78. On or about August 27, 2021, McDonald's terminated Holley without just cause.

79. At all times material herein, similarly-situated non-African-American employees were not terminated without just cause.

80. McDonald's terminated Holley based on her race.

81. McDonald's violated Title VII when they terminated Holley based on her race.

82. As a direct and proximate result of McDonald's conduct, Holley has suffered and will continue to suffer damages, including economic, emotional distress, and physical sickness damages.

### COUNT II: RACE DISCRIMINATION IN VIOLATION OF R.C. § 4112.01 *et seq.*

83. Holley restates each and every prior paragraph of this Complaint, as if it were fully restated herein.

84. Throughout her employment, Holley was fully competent to perform her essential job duties.

85. McDonald's treated Holley differently than other similarly-situated employees based on her race.

86. McDonald's violated R.C. § 4112.02(A) *et seq.* by discriminating against Holley due to her race.

87. On or about August 27, 2021, McDonald's terminated Holley without just cause.

88. At all times material herein, similarly-situated non-African-American employees were not terminated without just cause.

89. McDonald's terminated Holley based on her race.

90. McDonald's violated R.C. § 4112.01 *et seq.* when they terminated Holley based on her race.

91. As a direct and proximate result of McDonald's conduct, Holley has suffered and will continue to suffer damages, including economic, emotional distress, and physical sickness damages.

## COUNT III: DISABILITY DISCRIMINATION IN VIOLATION OF THE ADA

92. Holley restates each and every prior paragraph of this Complaint, as if it were fully restated herein.

93. McDonald's treated Holley differently than other similarly-situated employees based on her disabling condition.

94. McDonald's treated Holley differently than other similarly-situated employees based on her perceived disabling condition.

95. On or about August 27, 2021, McDonald's terminated Holley's employment without just cause.

96. McDonald's terminated Holley's employment based on her disability.

97. McDonald's terminated Holley's employment based on her perceived disability.

98. McDonald's violated the ADA when it discharged Holley based on her disability.

99. McDonald's violated the ADA when it discharged Holley based on her perceived disability.

100. McDonald's violated the ADA by discriminating against Holley based on her disabling condition.

101. McDonald's violated the ADA by discriminating against Holley based on her perceived disabling condition.

102. As a direct and proximate result of McDonald's conduct, Holley suffered and will continue to suffer damages, including economic, emotional distress, and physical sickness damages.

## COUNT IV: DISABILITY DISCRIMINATION IN VIOLATION OF R.C. § 4112.01 *et seq.*

103. Holley restates each and every prior paragraph of this Complaint, as if it were fully restated herein.

104. McDonald's treated Holley differently than other similarly-situated employees based on her disabling condition.

105. McDonald's treated Holley differently than other similarly-situated employees based on her perceived disabling condition.

106. On or about August 27, 2021, McDonald's terminated Holley's employment without just cause.

107. McDonald's terminated Holley's employment based on her disability.

108. McDonald's terminated Holley's employment based on her perceived disability.

109. McDonald's violated R.C. § 4112.02 when it discharged Holley based on her disability.

110. McDonald's violated R.C. § 4112.02 when it discharged Holley based on her perceived disability.

111. McDonald's violated R.C. § 4112.02 by discriminating against Holley based on her disabling condition.

112. McDonald's violated R.C. § 4112.02 by discriminating against Holley based on her perceived disabling condition.

113. As a direct and proximate result of McDonald's conduct, Holley suffered and will continue to suffer damages, including economic, emotional distress, and physical sickness damages.

### COUNT V:  RETALIATION IN VIOLATION OF TITLE VII

114. Holley restates each and every prior paragraph of this complaint, as if it were fully restated herein.

115. As a result of McDonald's's discriminatory conduct described above, Holley complained about the race discrimination that she and others were experiencing.

116. Subsequent to Holley's reporting of race discrimination to her supervisor, Holley was terminated.

117. McDonald's actions were retaliatory in nature based on Holley's opposition to the unlawful discriminatory conduct.

118. Pursuant to Title VII, it is an unlawful discriminatory practice to discriminate in any manner against any other person because that person has opposed any unlawful discriminatory practice.

119. As a direct and proximate result of McDonald's conduct, Holley suffered and will continue to suffer damages, including economic, emotional distress, and physical sickness damages.

## COUNT VI: RETALIATION IN VIOLATION OF R.C. § 4112.01 *et seq.*

120. Holley restates each and every prior paragraph of this complaint, as if it were fully restated herein.

121. As a result of McDonald's discriminatory conduct described above, Holley complained about the race discrimination she and others were experiencing.

122. Subsequent to Holley's reporting of race discrimination to her supervisor, Holley was terminated.

123. McDonald's actions were retaliatory in nature based on Holley's opposition to the unlawful discriminatory conduct.

124. Pursuant to R.C. § 4112.02(I), it is an unlawful discriminatory practice "to discriminate in any manner against any other person because that person has opposed any unlawful discriminatory practice defined in this section…"

125. As a direct and proximate result of McDonald's conduct, Holley suffered and will continue to suffer damages, including economic, emotional distress, and physical sickness damages.

## COUNT VII: UNLAWFUL INTERFERENCE WITH FMLA RIGHTS

126. Holley restates each and every prior paragraph of this Complaint, as if it were fully restated herein.

127. Pursuant to 29 U.S.C. § 2601 *et seq*., covered employers are required to provide employees job-protected unpaid leave for qualified medical and family situations.

128. McDonald's is a covered employer under FMLA.

129. During her employment, Holley qualified for FMLA leave.

130. McDonald's failed to properly advise Holley of her rights under FMLA.

131. McDonald's unlawfully interfered with Holley's exercise of her rights under the FMLA in violation of Section 105 of FMLA and section 825.220 of FMLA regulations.

132. McDonald's act of terminating Holley interfered with Holley's FMLA rights.

133. McDonald's violated section 825.300(c)(1) of FMLA and interfered with Holley's FMLA rights when McDonald's did not notify Holley of her eligibility to take FMLA leave within five business days of her qualifying leave request.

134. As a direct and proximate result of McDonald's conduct, Holley is entitled to all damages provided for in 29 U.S.C. § 2617, including liquidated damages, costs, and reasonable attorney's fees.

## DEMAND FOR RELIEF

WHEREFORE, Plaintiff Pamela Holley respectfully requests that this Honorable Court grant the following relief:

(a) Issue a permanent injunction:

   (i) Requiring McDonald's to abolish discrimination, harassment, and retaliation;

(ii) Requiring allocation of significant funding and trained staff to implement all changes within two years;

(iii) Requiring removal or demotion of all supervisors who have engaged in discrimination, harassment, or retaliation, and failed to meet their legal responsibility to investigate complaints promptly and/or take effective action to stop and deter prohibited personnel practices against employees;

(iv) Creating a process for the prompt investigation of discrimination, harassment, or retaliation complaints; and

(v) Requiring mandatory and effective training for all employees and supervisors on discrimination, harassment, and retaliation issues, investigations, and appropriate corrective actions;

(b) An award against Defendant of compensatory and monetary damages to compensate Holley for physical injury, physical sickness, lost wages, emotional distress, and other consequential damages, in an amount in excess of $25,000 per claim to be proven at trial;

(c) An award of punitive damages against Defendant in an amount in excess of $25,000;

(d) An award of reasonable attorneys' fees and non-taxable costs for Holley claims as allowable under law;

(e) An award of the taxable costs of this action; and

(f) An award of such other relief as this Court may deem necessary and proper.

Respectfully submitted,

*/s/ Trisha Breedlove*
Trisha Breedlove (0095852)
Gregory T. Shumaker (0095552)
**SPITZ, THE EMPLOYEE'S LAW FIRM**
1103 Schrock Road, Suite 307
Columbus, Ohio 43229
Phone: (614) 683-7331
Fax:    (216) 291-5744
Email: trisha.breedlove@spitzlawfirm.com
       Greg.shumaker@spitzlawfirm.com

*Attorneys for Plaintiff Pamela Holley*

**JURY DEMAND**

Plaintiff Pamela Holley demands a trial by jury by the maximum number of jurors permitted.

*/s/ Trisha Breedlove*
Trisha Breedlove (0095852)
Gregory T. Shumaker (0095552)

*Attorneys for Plaintiff Pamela Holley*