UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

PAMELA HOLLEY,

      Plaintiff,      :

  v.                                         **Case No. 2:23-cv-52**
                                                     **Judge Sarah D. Morrison**
                                                     **Magistrate Judge Elizabeth**
BBS/MENDOZA, LLC, d/b/a                   **Preston Deavers**
MCDONALDS,                 :

      **Defendant.**

## OPINION AND ORDER

This matter is before the Court on Plaintiff Pamela Holley's Motion in Limine seeking an order excluding documents that Defendant BBS/Mendoza, LLC has not produced in discovery. (Mot., ECF No. 26.) In advance of trial, Ms. Holley asks the Court to "order that [BBS/Mendoza] can only use documents produced during discovery prior to this date, subject to such documents being independently admissible." (*Id.*, PAGEID # 445.) In response, BBS/Mendoza notes the broad nature of Ms. Holley's Motion and argues that its actions with respect to certain unproduced text messages were harmless and substantially justified. (Resp., PAGEID # 528–29.)

For the reasons set forth below, Ms. Holley's Motion is **DENIED**.[1]

---

[1] Ms. Holley also submitted a Bench Brief Regarding the Exclusion of Testimony from Witnesses Not Previously Disclosed by Defendant. (ECF No. 25.) Therein, she asks the Court to "preclude Defendant from offering the testimony of anyone during the trial of this matter who was not previously identified by Defendant." (*Id.*, PAGEID # 441.) In support of her request, Ms. Holley relies on

**I.    STANDARD OF REVIEW**

Although not explicitly authorized by the Federal Rules of Evidence or the Federal Rules of Civil Procedure, the practice of ruling on motions in limine "has developed pursuant to the district court's inherent authority to manage the course of trials." *Luce v. United States*, 469 U.S. 38, 41 n.4 (1984). If a court is unable to determine whether certain evidence is clearly inadmissible, it should defer ruling until trial so that questions of foundation, relevancy, and potential prejudice can be evaluated in proper context. *Advance Wire Forming, Inc. v. Stein*, 603 F. Supp. 3d 551, 557 (N.D. Ohio 2022). A "ruling on a motion in limine is no more than a preliminary, or advisory, opinion that falls entirely within the discretion of the district court." *United States v. Yannott*, 42 F.3d 999, 1007 (6th Cir. 1994) (citation omitted). The Court may therefore "alter its ruling during the course of the trial." *United States v. Mize*, 498 F. Supp. 3d 978, 982 (S.D. Ohio 2020) (McFarland, J.) (citing *Luce*, 469 U.S. at 41–42).

**II.    ANALYSIS**

Ms. Holley seeks to exclude all previously unproduced documents and directs the Court to cases applying the Ohio Rules of Civil Procedure. Ohio civil and

---

state law authority and references discovery sought by an individual named "Wanat." (*Id.*) The Court observes that her counsel also served as counsel for the plaintiff in another case before this Court captioned *Wanat v. Lowe's Home Centers, LLC* (No. 2:22-cv-4162); an identical brief was filed in *Wanat*.

Construing Ms. Holley's Bench Brief as a motion in limine, the admissibility determination she seeks is better suited for consideration at trial, particularly because there is no indication that BBS/Mendoza plans to offer testimony of previously unidentified witnesses. Ms. Holley's request is **DENIED**.

evidentiary rules do not govern this federal proceeding. Fed. R. Evid. 1101(b); *Legg v. Chopra*, 286 F.3d 286, 290 (6th Cir. 2002).

Looking to the applicable federal rules, parties are required to supplement or correct their initial disclosures and discovery responses if they learn that the previous disclosures or responses were materially incomplete or inaccurate. Fed. R. Civ. P. 26(e)(1). A party who violates its discovery obligations may be subject to the sanctions of Federal Rule of Civil Procedure 37(c), which provides, in pertinent part, that "[i]f a party fails to provide information … as required by Rule 26(a) or (e), the party is not allowed to use that information … at a trial, unless the failure was substantially justified or is harmless." Fed. R. Civ. P. 37(c)(1). The burden is on the party that failed to provide the information to prove harmlessness or substantial justification. *See R.C. Olmstead, Inc. v. CU Interface LLC*, 606 F.3d 262, 271–72 (6th Cir. 2010).

To the extent Ms. Holley asks the Court to prohibit BBS/Mendoza from using "all" unproduced documents, "[o]rders in limine which exclude broad categories of evidence should rarely be employed." *Sperberg v. Goodyear Tire & Rubber Co.*, 519 F.2d 708, 712 (6th Cir. 1975). Ms. Holley does not identify any specific documents she seeks to exclude but rather engages in a hypothetical discussion about the possibility that BBS/Mendoza will use such documents at trial. "[T]he Court will not grant a general prohibition that merely restates the rules" of evidence or civil procedure. *Bank One, N.A. v. Echo Acceptance Corp.*, No. 04-CV-318, 2008 WL 1766891, at *2 (S.D. Ohio Apr. 11, 2008) (Marbley, J.).

Nevertheless, BBS/Mendoza suggests that Ms. Holley's motion was intended to address certain text messages that it admits it failed to provide in its supplement to its discovery responses. (Resp., PAGEID # 529.) BBS/Mendoza cannot use these messages at trial unless its failure to supplement was "substantially justified or is harmless," Fed. R. Civ. P. 37(c)(1), which is analyzed using five factors:

> (1) the surprise to the party against whom the evidence would be offered; (2) the ability of that party to cure the surprise; (3) the extent to which allowing the evidence would disrupt the trial; (4) the importance of the evidence; and (5) the nondisclosing party's explanation for its failure to disclose the evidence.

*Howe v. City of Akron*, 801 F.3d 718, 748 (6th Cir. 2015) (citation omitted).

Here, the factors weigh in favor of a finding of harmlessness. First, Ms. Holley cannot credibly argue that she would be surprised at trial by the text messages, not only because BBS/Mendoza disclosed them to her with its Reply in support of its summary judgment motion but also because Ms. Holley was a participant in the text exchange with Cristina Cuervo and certainly knew of the messages. (ECF No. 18-1.) For the same reason, allowing the text messages into evidence would not disrupt the trial, and Ms. Holley would have the opportunity to cross-examine any witnesses about the messages. Finally, BBS/Mendoza has explained that it became aware of the messages only after the close of discovery. Thus, BBS/Mendoza has carried its burden and demonstrated that its discovery violation was harmless to Ms. Holley's ability to prepare her case.

### III. CONCLUSION

Ms. Holley's Motion in Limine (ECF No. 26) is **DENIED**.

4